IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No.: 7:21-cr-52 (WLS-TQL-1) |
| ROGER BERNARD PALMORE, JR., | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

Before the Court is Defendant Palmore's Motion to Dismiss Indictment in accordance with the Speedy Trial Act, filed on January 5, 2023. (Doc. 46). Therein, Defendant requests the Court to dismiss the indictment with prejudice because his right to a speedy trial has been violated pursuant to 18 U.S.C. § 3161. (*Id.* at 1). On January 6, 2023, the Government filed its Response, concurring that dismissal of the indictment is mandatory because Defendant had not been brought to trial within 70 unexcluded days from the Defendant's initial appearance. (Doc. 47, at 1). The Government, however, contends that the dismissal should be without prejudice. (*Id.* at 2).

The Court held a hearing on the motion on January 6, 2023. At the January 6th hearing, the Court granted Defendant's dismissal of the indictment but reserved its ruling on whether the dismissal is with or without prejudice.

**PROCEDURAL HISTORY**

Defendant Palmore was indicted on November 16, 2021, and he was charged with Possession of a Firearm by a Convicted Felon. (Doc. 1). He was arraigned before United States Magistrate Judge Thomas Q. Langstaff on February 1, 2022. (Doc. 10, *text only*).

An Unopposed Motion to Continue Trial was submitted by Defendant on March 9, 2022 (Doc. 18), and the Court granted that Motion on March 11, 2022 (Doc. 19). Soon after, Defendant submitted a Motion to Suppress on April 19, 2022 (Doc. 20), and the Government filed its Response on May 3, 2022 (Doc. 21). A hearing on that motion was held on August 31, 2022. (Doc. 25). On September 1, 2022, the Court entered an Order

(Doc. 26), allowing Defendant to file his post-hearing brief within fourteen (14) days after the transcript becomes available on record and giving the Government fourteen (14) days to file its response. Defendant was given seven (7) days, after the Government's filing of its response, to file a reply. (*Id.*)

The transcript of the hearing was published on the docket on September 20, 2022. (Doc. 27). Subsequently, Defendant filed his brief on October 4, 2022. (Doc. 28). The Government submitted its Response in Opposition on October 17, 2022 (Doc. 30). And Defendant submitted his Reply on October 20, 2022 (Doc. 32). Thereafter, the Court denied Defendant's Motion to Suppress on December 6, 2022. (Doc. 33).

On December 14, 2022, the Government filed its Motion for Speedy Trial and requested the case to be set for trial on January 9, 2023. (Doc. 34). On December 16, 2022, the Court ordered Defendant to file a response or other appropriate motion to the Government's Motion. (Doc. 38). Later that same day, the Government filed its First Motion to Amend/Correct its Motion for Speedy Trial (Doc. 39), explaining that it miscalculated the clock, and the Speedy Trial Act was actually going to expire on December 27, 2022. On December 19, 2022, Defendant filed its Response (Doc. 40) as ordered by the Court, briefly concurring that the correct deadline for Speedy Trial is December 27, 2022. (Doc. 40). On December 20, 2022, the Court announced that the case would be noticed for trial on January 9, 2023, because a jury cannot be drawn or made available on or before December 27, 2022.

Subsequently, the Court held a status conference on Friday, December 30, 2022, and instructed the Parties to inform the Court by Thursday, January 5, 2023, about whether Defendant will file a motion to dismiss the indictment or accept the plea offer. (Doc. 44).

On January 5, 2023, Defendant filed the instant Motion to Dismiss the Indictment with Prejudice. (Doc. 46). The next day, the Government then filed its Response. (Doc. 47). Later that same day, the Court held a hearing on the instant Motion and heard from both Parties. At the hearing, there was no dispute that the deadline to try the case had expired on December 27, 2022. So, the Court granted Defendant's motion to dismiss the indictment but reserved its ruling on whether the dismissal was with or without prejudice. Thus, the only remaining issue is whether the case should be dismissed with or without prejudice.

2

**DISCUSSION**

The Speedy Trial Act provides that when a defendant, who entered a plea of not guilty, is not brought to trial within seventy (70) days from the filing date or from the date the defendant appeared before a judicial officer of the court, whichever date last occurs, the indictment shall be dismissed on motion of the defendant. 18 U.S.C. §§ 3161(c)(1); 3162(a)(2). Here, Parties do not dispute that the Speedy Trial Act in this instant matter had expired on December 27, 2022. The Government concedes that dismissal is mandatory. (Doc. 47, at 2).

Generally, a district court has the discretion to dismiss an indictment with or without prejudice under the Speedy Trial Act and must consider three factors when determining the method of relief: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of this chapter and on the administration of justice. *United States v. Knight*, 562 F.3d 1314, 1322 (11th Cir. 2009) (citing 18 U.S.C. § 3162(a)(2)). A step-by-step analysis of each factor is necessary. *United States v. Russo*, 741 F.2d 1264, 1267 (11th Cir. 1984).

**I.   First factor: Seriousness of the Offense**

Defendant argues that the indictment must be dismissed with prejudice because there is no evidence that firearm in this matter was used by Defendant for any violent crimes. (Doc. 46, at 4). He further argues that the charge is not serious because, although the charge was brought within the statute of limitations, Government still waited to bring the charge for over three years. (*Id.*)

Conversely, the Government argues that Defendant's charge, Possession of a Firearm by a Convicted Felon, is a serious offense under the Eleventh Circuit. (Doc. 47, at 3). Thus, the Government contends that Defendant's argument—that the offense he has been charged with is not a serious one because the firearm was not used for violent crimes and no drug were found with the firearm—holds no water. (*Id.*) In addition to being charged with a serious offense, the Government argues that Defendant has a criminal history that indicates recidivist tendencies. (*Id.* at 4). Thus, the Government asserts that the "seriousness of the offense" factor weighs in favor of dismissing the indictment without prejudice.

3

The Court finds that the first factor weighs in Government's favor. There is no case law that says Government's delay in bringing the charge, which was still done within the statute of limitations period, indicates lack of the seriousness of an offense.

Here, the statutory maximum sentence for the offense, which Defendant is charged with, is ten years of imprisonment. 18 U.S.C. § 924(a)(2); *see Rehaif v. United States*, 139 S. Ct. 2191, 2195 (2019). And under the Eleventh Circuit, "there is no question. . . that a felon-in-possession offense is a serious crime." *United States v. Mitchell*, 374 F. App'x 859, 864 (11th Cir. 2010); *see Knight*, 562 F.3d at 1323.

## II.   Second Factor: The Facts and Circumstances of the Case that Led to the Dismissal

Defendant asserts that he did not contribute to the Government's failure of bringing this case to trial within the Act's time limit. (Doc. 46, at 5). Defendant correctly notes that he had no duty to bring himself to trial, that "mere negligence or inadvertence does not automatically call for dismissal without prejudice," and that the management of speedy trial rests solely with the Government. (*Id.*)

On the other hand, the Government argues that it brought to the Court's attention the Act's 70-day deadline by requesting the case to be set on January 9, 2023, and then by filing a second motion with the corrected date of the deadline shortly after. (Doc. 47, at 4). The Government states that the delay was "principally caused" by the filings of motions and the Court's consideration of Defendant's motion to suppress. (*Id.*) The Government also contends that it requested the matter to go to trial as soon as the Court ruled on Defendant's motion to suppress, which showed that the Government attempted to bring Defendant "to trial without inexcusable delay." (*Id.*)

The second factor looks to whether the Government had a legitimate reason for failing to bring Defendant to trial. So, it focuses on the "culpability of the delay-producing conduct." *Williams*, 314 F.3d at 559. A defendant has no duty to bring himself to trial. *Barker v. Wingo*, 407 U.S. 514, 527 (1972). Filing an indictment is "entirely" within the prosecutor's discretion, and thus, it is "ultimately the obligation of the Government to ensure compliance with the Speedy Trial Act." *Williams*, 314 F.3d at 559. Therefore, the burden is on the prosecution to explain the cause of the delay. *Mitchell*, 374 F.App'x at 864. The Government

4

must demonstrate some "affirmative justification" to warrant dismissal without prejudice. *Russo*, 741 F.2d at 1267.

Here, the Government stated that it miscalculated the deadline. Although the Government's miscalculation of the Act was "simply negligence," mere negligence, inadvertence, or "the mere lack of improper motive is not a sufficient excuse for a delay." *Russo,* 741 F.2d at 1267; *Williams*, 314 F.3d at 559. After all, it is the Government's responsibility to manage its case and to comply with the Speedy Trial Act. So, the second factor seems to weigh in favor of Defendant. However, the Government filed a motion requesting the Court to set this matter to trial before the clock had expired, which demonstrated a lack of intent by the Government to delay the trial. Moreover, if the "seriousness of the offense" [first] factor and the "impact of reprosecution" [third] factor weight in favor of reprosecution, then "mere negligence or inadvertence will not automatically call for dismissal with prejudice." *Id.* (citing *United States v. Hawthorne*, 705 F.2d 258 (7th Cir. 1983) (finding no abuse of discretion to dismiss without prejudice where the crime was serious, and the unexcused delay was minimal). So, the Court now turns to the third factor, the impact of reprosecution.

### III.     Third Factor: The Impact of Reprosecution

Generally, the third factor—although not need to be—tends to be a neutral factor because a defendant can always argue that the minimal sanction of dismissal without prejudice takes the teeth out of the Act's requirements while the government can argue that reprosecution furthers the public's interest in bringing criminals to trial. *Williams*, 314 F.3d at 560 (internal quotation marks omitted).

At any rate, under the third factor, the Court is allowed to consider the length of the delay, the prejudice suffered by the Defendant due to the Act's violation, and whether the delay caused by the Government was intentional. *Russo*, 741 F.2d at 1267; *Williams*, 314 F.3d at 560.

Here, Defendant argues that the violation caused prejudice to him because he suffered anxiety due to the "cloud of allegations" over his life for four and a half years since he was arrested by the state in conjunction with the FBI in May 2018. (*Id.* at 6–7). He also asserts that witnesses' memories of the events regarding the charge have "deteriorated" as

5

the case is almost five years old. (*Id.* at 7). Defendant also points out that the Government, specifically, the undersigned Counsel for the Government in this matter, has a pattern of disregarding the Speedy Trial Act and that the Court should consider the Government Counsel's "apparent pattern" of failure to abide by the Speedy Trial Act's requirements. (*Id.*)

On the other hand, the Government asserts that consideration of the length of the delay and the prejudice to Defendant favor dismissing the indictment without prejudice. (Doc. 47, at 5). The Government argues that the delay was "exceedingly minimal" because it was only nine (9) days. (*Id.*) The Government also argues that Defendant has not been prejudiced in "any cognizable way" under the Eleventh Circuit's precedent because "conclusory assertions of prejudice, including. . . faded memories, are insufficient to constitute proof of actual prejudice." (*Id.*) The Government further notes that any anxiety Defendant may have experienced before November 16, 2021, the date when Defendant was charged for Possession of Firearm by Convicted Felon, was not caused by the instant charge against him. (*Id.*) The Government also points out that Defendant is not under federal detention. (*Id.*)

For reasons stated below, the Court ultimately finds that Defendant has not suffered prejudice such that it warrants dismissal with prejudice.

### A. **Length of the Delay: Nine Days**

There were nine (9) days between December 27, 2022, when the Speedy Trial would have expired, and January 5, 2023, when Defendant filed a Motion to Dismiss Indictment (Doc. 46) pursuant to the Court's Order (Doc. 44). Although the Government failed to carefully manage the case, under the Eleventh Circuit precedent, this nine-day-delay is "not so substantial" such that it requires dismissing the charges with prejudice. *Williams*, 314 F.3d at 560 (finding that a sixty-eight-day violation from the Speedy Trial Act, by itself, was "not so substantial" such that it required dismissal with prejudice).

Here, the Court finds that the nine-day-delay did not prejudice Defendant because Defendant is currently out on bond and not subject to any oppressive pretrial incarceration. Defendant has not shown, and the Court cannot find, how the nine-day-delay prejudiced his ability to prepare for trial. And if the crime charged is serious, such as the offense that Defendant in the instant matter is charged with, then "the court should dismiss [with

prejudice] only for a correspondingly severe delay." *Id.* The nine-day delay is not "correspondingly severe."

Moreover, there is no evidence that the Government actively sought delay. *See United States v. Taylor*, 487 U.S. 326, 340–41 (1988) (concurring with the Court of Appeals' finding that the fourteen-day delay was "not so great as to mandate dismissal with prejudice," in part, because there was no prejudice to the defendant's trial preparation and there seemed to be no additional restrictions or burdens on his liberty as a result of the Speedy Trial violation).

**B. Prejudice to Defendant**

Defendant points to the undersigned Government Counsel's "pattern of disregarding a defendant's Speedy Trial rights" and cites to four cases that involved the undersigned Government Counsel, wherein three of those cases were dismissed without prejudice and one was dismissed with prejudice. *United States v. Armand Rashad Brown*, 7:20-cr-1-HL-TQL-1 (M.D. Ga. July 30, 2021) (dismissed with prejudice); *United States v. Phillips*, 7-18-cr-56-HL-TQL-1 (M.D. Ga. Jan. 23, 2020); *United States v. Armand Rashad Brown*, 7:18-cr-43-HL-TQL-1 (M.D. Ga. Jan. 22, 2020); *United States v. Dowdell*, 7-18-cr-55-HL-TQL-1 (M.D. Ga. Jan. 9, 2020).

All these cases were before United States Senior District Judge Hugh Lawson, and all those cases involved the same charge as Defendant Palmore, Possession of Firearm by a Felon. Three (3) of those cases, which were decided in January of 2020, were dismissed without prejudice. *Phillips*, 7-18-cr-56; *Armand Rashad Brown*, 7:18-cr-54; *Dowdell*, 7-18-cr-55. One case—the second *Armand Rashad Brown* case—was dismissed with prejudice in July of 2021. *Armand Rashad Brown*, 7:20-cr-1.[1]

At the January 6th hearing, the undersigned Government Counsel explained that Judge Lawson was experiencing some health issues at around the time that these cases were dismissed. And the Government Counsel stated, at that time, she mistakenly believed that the pendency of Judge Lawson's illness stopped the Speedy Trial clock. Additionally, due to

---

[1] Except for the second *Brown* case, 7:20-cr-1, which was dismissed with prejudice because the Government failed to set the matter to trial within the Speedy Trial Act again, there were no written orders for the other three cases that were dismissed without prejudice; instead, they were simply marked as dismissed without prejudice on the dockets as minute entries.

7

Judge Lawson's health problems, the Government Counsel explained that those cases were not called for trial until later.

Of course, the Government's misunderstanding of law is insufficient justification. Although the Government's inadvertence does not excuse its failure to meet the Act, the Court finds that it does not, however, warrant dismissing Defendant Palmore's indictment with prejudice. Here, the Court finds that circumstances in this instant matter reveal that the Government's failure is not attributable to intentional dilatory conduct. The fact that the Government requested to set the matter for trial, soon after the Court ruled on Defendant's Motion to Suppress, indicates that it attempted to bring Defendant to trial within the deadline. *See also United States v. Taylor*, 487 U.S. 326, 343 (1988) (reversing a district court's decision to dismiss with prejudice, which was primarily based the court's desire to send message to the government that delays are not tolerated, because that alone did not warrant dismissal with prejudice as the court failed to consider other relevant factors, such as the "brevity of the delay and the consequential lack of prejudice to respondent," which did not justify barring reprosecution). In addition, the mere existence of prior Speedy Trial violations, taken together with the actual circumstances of the delay in this case, does not support an inference that denial of dismissal with prejudice in this matter conveys that the Act is ineffectual.

Ultimately, the Court finds that the three factors under Section 3162(a) do not weigh heavily against the Government. Accordingly, Defendant must demonstrate actual prejudice. *United States v. Dunn*, 345 F.3d 1285, 1296 (11th Cir. 2003). Prejudice should be assessed in the light of interests of defendants which the Speedy Trial was designed to protect, and these interests are: (1) prevention of oppressive pretrial incarceration; (2) minimization of anxiety and concern of the accused; and (3) impairment of the ability to prepare a defense. *Barker*, 407 U.S. at 532. The "most serious" interest is the third factor because the "inability of a defendant to adequately prepare his case skews the fairness of the entire system." *Id.*

The Court finds that Defendant failed to prove or present evidence of actual prejudice. As to the first interest, prevention of oppressive pretrial incarceration, Defendant is out on bond, so he is not under any oppressive pretrial incarceration.

8

As to the second interest, minimization of anxiety and concern, Defendant has argued that the violation caused prejudice to him because he and his family and friends suffer from anxiety due to the "uncertainty of the resolution of this case." (Doc. 46, at 7). Defendant also contends that memories of witnesses in this case may have deteriorated. (*Id.*) Although the events of this case may have occurred on or about May of 2018, it has been just one (1) year since his federal indictment, which took place on November 16, 2021. (Doc. 1). The facts of this case are not complex, and under Eleventh Circuit precedent, mere conclusory allegations of prejudice are insufficient to establish actual prejudice. *United States v. Young*, 902 F.2d 615, 610 (11th Cir. 1990).

But even assuming the second interest weighs in Defendant's favor, the third—and most important—factor does not. As already explained above, Defendant has not shown, and the Court cannot find, how the delay or the Government's violation of the Act prejudiced or inhibited his ability to prepare for trial.

## CONCLUSION

Balancing the three factors in Section 1362(a)(2), the indictment is **DISMISSED WITHOUT PREJUDICE**. Here, Defendant is charged with a serious crime. The nine-day delay was minor and did not prejudice Defendant, and the Government also did not seek delay. *Russo*, 741 F.2d at 1267; *United States v. Jones*, 601 F.3d 1247, 1257 (11th Cir. 2010) ("Where the defendant is charged with a serious crime, the delay was minor, the defendant suffered no prejudice from the delay, and the government did not actively seek delay, dismissal should be without prejudice.")

**SO ORDERED**, this  17th  day of January 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**